UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


LORITA M. SAVOIE                                    CIVIL ACTION

VERSUS                                              NO: 15-1220

PENNSYLVANIA GENERAL INSURANCE                      SECTION: J(3)

CO., ET AL

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 22)** filed by Plaintiffs, Lorita Savoie, et al ("Plaintiffs"), an *Opposition* thereto (**Rec. Doc. 25)** by Defendants, Huntington Ingalls Inc., et al ("Defendants"), and Plaintiffs' *Reply* (**Rec. Doc. 23**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

This matter arises from claims originally filed by Joseph Savoie ("Decedent"), who had contracted mesothelioma, a cancer of the lining of the lung, which is caused by exposure to asbestos. Decedent originally filed this lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana in

August 2014. In his original petition for damages, Decedent
alleged that he was exposed to asbestos during the period in
which he was employed by Huntington Ingalls, Inc. ("Avondale") [1]
in various positions from approximately 1948 through 1996.
Decedent specifically asserts that he was exposed to asbestos on
a daily basis, both at the job-site and while he was traveling
to and from work with other Avondale employees who carried
asbestos on their clothing and persons. In his petition,
Decedent included a substantial number of state law causes of
action, including but not limited to: failure to warn employees
of the dangers associated with asbestos, failure to provide a
safe working environment, and strict liability as custodians of
the asbestos. (Rec. Doc. 1-1, p. 5-6). Subsequent to filing this
lawsuit, Decedent died as a result of his mesothelioma.
Plaintiffs, Decedent's surviving wife and children, then filed
an amended petition for damages, joining the lawsuit, and
seeking survival and wrongful death damages pursuant to
Louisiana law.

Defendants removed the lawsuit to this Court on April 16,
2015, asserting that this Court has subject matter jurisdiction

---

[1] Defendant Huntington Ingalls, Inc. has a long history of different titles
including Northrop Grumman Shipbuilding Inc., Northrop Grumman Ship Systems,
Inc., Avondale Industries, Inc., Avondale Shipyards, Inc., and Avondale
Marine Ways, Inc. (Rec. Doc. 1-1, p. 2). For purposes of simplicity, the
Court will refer to this Defendant simply as "Avondale."

over this matter pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442. Plaintiff then filed the instant motion on May 6, 2015, seeking remand of this matter to state court, arguing that the Federal Officer Removal Statute does not provide a basis for federal jurisdiction.

## PARTIES' ARGUMENTS

In support of removal, Defendants rely on the Federal Officer Removal Statute, arguing that the federal government exercised such extensive control over the construction of and safety regulations associated with Avondale's construction of vessels for the U.S. Navy and U.S. Coast Guard so as to warrant removal pursuant to this statute. Specifically, Defendants assert that federal inspectors from these military agencies provided a constant presence at Avondale during the construction of the vessels and exercised complete control over the types of materials used in the construction, including the asbestos-containing materials, as well as the safety regulations to be implemented by Avondale related to this construction.

In the instant motion, Plaintiffs advise the Court that the factual circumstances and Defendants' arguments in support of removal presented in this matter are virtually indistinguishable from a long list of cases in front of this Court involving the Avondale Defendants, all of which have been remanded. Plaintiffs

3

assert that Defendants have failed to present any evidence or
additional arguments to distinguish this matter from these prior
cases. Plaintiffs also submit that Defendants have failed to
present any evidence on which to base their assertions that
federal inspectors from the U.S. Navy and U.S. Coast Guard
exercised control or direction over Avondale's use of safety
regulations or warnings regarding asbestos. Plaintiffs request
that this Court not only remand this matter, but also impose
sanctions on Defendants for their repeated "disregard of [their]
knowledge that [their] position is not supported in fact or
law." (Rec. Doc. 23-1, p. 4).

In response, Defendants admit that their attempts to remove
factually similar matters on virtually identical arguments have
been repeatedly denied by this Court. (Rec. Doc. 25, p. 10).
However, Defendants adhere to the position that these previous
decisions are erroneous, and request that the Court instead
follow decisions of the Middle District of Louisiana, in which
that court declined to remand six cases with similar factual
circumstances and nearly identical arguments for removal.
Further, Defendants contend that specific evidence exists in
this matter which reflects that federal inspectors oversaw and
directed all activities associated with the construction of the
naval and coast guard vessels. Moreover, Defendants assert that

sanctions are not warranted in this matter, because Congress amended the Federal Officer Removal Statute in 2011 to allow for orders remanding matters pursuant to that statute to be reviewable by appeal. (Rec. Doc. 25, p. 10-11). Because a decision to remand based on Defendants' repeated arguments has recently become appealable, Defendants assert that they are justified in seeking definitive relief on this issue pursuant to appellant review.

The Court granted Plaintiffs leave to file a brief reply, in which Plaintiffs maintain that the previous decisions of this Court remanding similar matters remain binding and have effectively denied the applicability of the decisions arising out of the Middle District. Moreover, Plaintiffs deny that Defendants have presented valid evidence to justify a finding that Avondale imposed safety regulations or failed to provide adequate warnings pursuant to federal control.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The

jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 Fl.3d 880, 883 (5th Cir. 2000). Ambiguities are construed against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal courts have original jurisdiction over cases which pose a "federal question," by "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1980). Courts consider whether a case poses a federal question pursuant to the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113 (1936)).

**DISCUSSION**

### A.    Federal Officer Removal Statute

Avondale's notice of removal is predominantly based on its argument that the Court has federal jurisdiction over this matter pursuant to the Federal Officer Removal Statute. Defendants note that Decedent's alleged exposure to asbestos occurred while he was employed by Avondale to construct vessels

for the U.S. Navy and the U.S. Coast Guard. (Rec. Doc. 25, p. 14). Defendants contend that these two arms of the U.S. military exercised "pervasive control" over Avondale's construction of these vessels, including Avondale's use of asbestos-containing materials in the vessels, as well as Avondale's safety regulations governing the construction of the vessels. (Rec. Doc. 25, p. 15). While Plaintiffs do not dispute that Decedent engaged in construction of these military vessels during his employment with Avondale, they do contest Avondale's assertion that the U.S. Navy and the U.S. Coast Guard exercised "pervasive control" over Avondale's use of asbestos and safety regulations. Instead, Plaintiffs submit that the U.S. Navy and the U.S. Coast Guard were simply customers of Avondale, and that government inspectors "had absolutely no control over nor did they direct the Avondale safety department." (Rec. Doc. 23-1, p. 10). As a result of this lack of federal direction, Plaintiffs maintain that the Federal Officer Removal Statute has no applicability to the present matter and does not serve as a basis for federal jurisdiction.

The Federal Officer Removal Statute permits the removal of any civil or criminal action brought in state court when the defendant in the matter is:

>   The United States or any agency thereof or any officer
>   (or any person acting under that officer) of the
>   United States or of any agency thereof, in an official
>   or individual capacity, for or relating to any act
>   under color of such office or on account of any right,
>   title or authority claimed under any Act of Congress
>   for the apprehension or punishment of criminals or the
>   collection of the revenue.

28 U.S.C. § 1442(a)(1). The Fifth Circuit has explained that removal pursuant to this statute is meant to "ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 398 (5th Cir. 1998). It is the removing defendants who bear the burden of establishing the existence of federal jurisdiction. *Id.* at 397. While courts are obligated to broadly construe removal jurisdiction under the Federal Officer Removal Statute, this "does not mean that the statute's broad language should be interpreted to imply limitless application." *Cole v. Northrop Grumman Ship Sys., Inc.*, No. 07-3049, 2008 WL 2651428, at *2 (E.D. La. July 7, 2008) (Fallon, J.) (citing *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 142, 127 S.Ct. 2301 (2007)).

In *Mesa v. California*, the Supreme Court established the test for removal pursuant to the Federal Officer Removal Statute. 489 U.S. 121, 131-32, 109 S.Ct. 959 (1989). According to *Mesa*, removal is mandated pursuant to the statute upon proof

by the defendants seeking removal: (1) that they are "persons"
under § 1442(a)(1); (2) that they acted under the direction of a
federal officer; (3) that they have demonstrated a causal nexus
between plaintiffs' claims and defendants' actions performed
under the color of a federal office; and (4) that they can raise
a federal defense to plaintiffs' claims. *Mesa*, 489 U.S. at 131-
32, 109 S.Ct. 959; *Winters*, 149 F.3d at 398.

Plaintiffs do not dispute that Defendants are considered
"persons" for purposes of the Federal Officer Removal Statute.
Indeed, the Fifth Circuit has consistently and definitively
concluded that corporations are considered "persons" under §
1442(a)(1). *See Dupre v. Todd Shipyards Corp.*, No. 11-2097, 2011
WL 4551439, at *5 (E.D. La. Sept. 29, 2011) (Zainey, J.);
*Winters*, 149 F.3d 397. Thus, the first prong of the Federal
Officer Removal Statute is not at issue. However, the parties
directly contest whether Defendants have satisfied the second
and third prongs of the Federal Officer Removal Statute.

Due to the similarities between the federal direction and
causal nexus prongs, courts generally consider these two prongs
together. *Cole*, 2008 WL 2651428, at *4. Defendants seeking
removal are required to "demonstrate that they acted pursuant to
a federal officer's directions and that a causal nexus exists
between the defendants' actions under color of federal office

and the plaintiffs' claims." *Dupre*, 2011 WL 4551439, at \*5. The determination of whether defendants have proven they have acted pursuant to federal direction is dependent on "the level of official control, and . . . whether the defendant[s] acted sufficiently under the direction of a federal officer in the performance of the acts that form the basis of the suit." *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 672 (E.D. La. 2007) (Fallon, J.) (citing *Guillory v. Ree's Contract Serv., Inc.*, 872 F.Supp. 344, 346 (S.D. Miss. 1994)).

Avondale argues that it has satisfied these two prongs because U.S. Navy and U.S. Coast Guard inspectors controlled "every aspect of the shipbuilding process, such as exactly what materials, including asbestos-containing materials, were to be used in the construction of the vessels, and also "promulgated specific safety rules, regulations, and requirements for shipbuilding." (Rec. Doc. 25, p. 16). Although Defendants do not distinguish their arguments in support of removal for Plaintiffs' failure to warn claims from Plaintiffs' strict liability claims, the Court finds that federal jurisdiction pursuant to the Federal Officer Removal Statute does not attach to either type of claim.

1. **Failure to Warn Claims**

Regarding Plaintiffs' failure to warn claims, the parties first dispute the standard for determining whether Defendants have satisfied the causal nexus prong. Defendants argue that they are not required to prove that the federal government exercised direct control over Defendants' failure to warn, and instead assert that they need merely show that Avondale's failure to warn "occurred within the course of the performance of the removing party's federal duties." (Rec. Doc. 25, p. 22).

This argument is in direct conflict with an extensive line of cases decided by this Court. In a vast number of factually-similar cases, this Court has repeatedly held that in order for a defendant to satisfy the causal nexus prong in failure to warn cases, it must show that "the government, at a minimum, had to provide some level of direct control over warnings." *Cole*, 2008 WL 2651428, at *4 (citing *Gauthe v. Asbestos Corp.*, No. 96-2454, 1997 WL 3255 (E.D. La. Jan. 2, 1997) (Duval, J.); *Porche v. Flexitallic, Inc.*, Nos. 96-2827, 96-2828, 1996 WL 603919 (E.D. La. Oct. 13, 1996); *Savoie v. Northrop Grumman*, No. 05-2086 (E.D. La. 2005); *Mouton v. Flexitallic, Inc.*, No. 99-0162, 1999 WL 225438 (E.D. La. Apr. 14, 1999); *Guidroz v. Anchor Packing*, No. 98-3709 (E.D. La. 1999)); *see also Wilde v. Huntington Ingalls, Inc.*, No. 15-1486, 2015 WL 2452350, at *5 ("[T]he defendant must show that they acted pursuant to a federal

officer's directions when committing the acts that allegedly gave rise to the injury at issue to satisfy the causal nexus prong of the *Mesa* elements."); *Francis v. Union Carbide Corp.*, No. 11-2695, 2011 WL 6180061, at *3 (E.D. La. Dec. 13, 2011) (Zainey, J.) ("For a Defendant to remove a failure to warn case based on federal officer jurisdiction, the government, at a minimum, must have provided some level of direct control over warnings.").

Despite these overwhelming precedents, Defendants request that the Court ignore this long line of caselaw and instead adopt the reasoning adhered to by the Middle District of Louisiana. While Defendants rely on several cases decided by the Middle District, they rely most heavily on *Lalonde v. Delta Field Erection*, in which the Middle District rejected the Eastern District precedents regarding the Federal Officer Removal Statute, and instead held that the statute does "not require a showing in a civil case that the alleged wrongful act or omission itself was specifically directed or compelled by federal duty or law." No. 96-3244-B-M3, 1998 WL 34301466, at *7 (M.D. La. Aug. 6, 1998). However, Defendants fail to address the fact that "the judges of the Eastern District of Louisiana have consistently declined to follow *Lalonde*." *Ross v. Reilly Benton, Inc.*, No. 14-1161, 2014 WL 3514668, at *2 (E.D. La. July 15,

2014) (Engelhardt, J.) (citing *Hampton v. Owens-Illinois*, No. 06-10929, 2007 WL 274794, at *2 & n. 12 (E.D. La. Jan. 29, 2007) (Africk, J.); *Joseph*, 513 F.Supp.2d at 671-72 & n. 9); *see also Sheppard v. Northrop Grumman Sys. Corp.*, No. 07-2208, 2007 WL 1550992, at 7 (E.D. La. May 24, 2007) (Barbier, J.) ("The Court is unpersuaded . . . by the opinions out of the Middle District of Louisiana . . . that contrast with those out of this district."); *Bradley v. Northrop Grumman Sys. Corp.*, No. 07-1422, 2007 WL 1115246, at n. 3 (E.D. La. Apr. 12, 2007) (McNamara, J.). This Court finds no reason to deviate from these holdings.

Defendants have failed to present the Court with evidence that the federal government restricted Avondale's ability to warn its employees of their exposure to asbestos and the related dangers. Defendants' assertions that federal inspectors associated with the U.S. Navy and U.S. Coast Guard had a pervasive presence at the work-site, and that they controlled "every aspect of the shipbuilding process" (Rec. Doc. 25, p. 16), including safety regulations, are in direct conflict with the evidence in the record. For instance, Plaintiffs present the sworn affidavit of Felix Albert, a ship inspector with the U.S. Navy who worked at Avondale from 1965 to 1976, in which Mr. Albert states:

> In connection with the construction of the government vessels, Avondale employees did not work under the direct orders of a ship inspector and Avondale employees did not act under the direction of a ship inspector. The United States government inspectors neither monitored nor enforced safety regulations. On the job safety during the construction of vessels for the United States government was the responsibility of Avondale Shipyards' safety department.

(Rec. Doc. 23-19). Further, Plaintiffs present the deposition of Peter Territo, who served as a "safety man" for Avondale and who testified that Avondale's safety department was independent from the U.S. government, that it was not controlled by federal officers, and that federal officers promulgated no regulations which prevented Avondale from warning their employees of the potential for exposure to asbestos. (Rec Doc. 23-22, pp. 4-5, 9).

In support of their broad assertions, Defendants rely on the affidavit of Edward Blanchard. Mr. Blanchard served as a General Superintendent at Avondale and "oversaw the construction of all vessels." (Rec. Doc. 25-6, p. 1). However, while Mr. Blanchard notes that Avondale worked closely with the U.S. Navy and that federal inspectors occasionally ensured that specifications were complied with, he also expressly denies that any federal officer directed or controlled Avondale's Safety Department. (Rec. Doc. 28-1, p. 17).

Relying on nearly the exact evidence presented by Plaintiffs, this Court has previously found that the Avondale Defendants have failed to satisfy their burden of satisfying the federal direction and causal nexus prongs for a plaintiff's failure to warn claims. *Cole*, 2008 WL 2641428, at *4-5. The Court does not dispute that the federal government had some oversight over Avondale's construction of the military vessels, however, "nothing about that supervision prevented Avondale from warning [Decedent] about the dangers." *See Gauthe*, 1997 WL 3255, at *3. In light of this, Defendants have failed to show that removal is appropriate pursuant to the Federal Officer Removal Statute for Plaintiffs' failure to warn claims.

### 2. <u>Strict Liability Claims</u>

Defendants also argue that the federal direction and causal nexus prongs are satisfied in regards to Plaintiffs' claims premised on strict liability. Defendants contend that sufficient federal direction existed over Avondale's use of asbestos-containing materials in the vessels, because "the materials used in the construction of the Federal Vessels – including asbestos containing materials – were required to be the kind, type, and brand of materials specifically mandated by the shipbuilding contracts."(Rec. Doc. 25, p. 15).

This exact argument has very recently been thoroughly considered and rejected by this Court. In *Wilde v. Huntington Ingalls Inc.*, in which the Avondale Defendants were named defendants, the plaintiff's claims were nearly identical to those presented in this matter. No. 15-1486, 2015 WL 2452350 (E.D. La. May 21, 2015) (Fallon, J.). Like Plaintiff, the *Wilde* plaintiff filed claims for strict liability as well as strict premise liability. *Id.* at *6. Relying on prior caselaw within this Court, the *Wilde* court reasoned as follows:

> Plaintiff's claims do not hinge on the fact that Avondale possessed asbestos, as the mere possession of asbestos did not allegedly cause Plaintiff's injury, but Plaintiff rather claims that Avondale's failure to properly handle the asbestos material caused her injury. In other words, Avondale's failure to use the asbestos safely, and *not the mere use* of asbestos, gives rise to Plaintiff's claims. This distinction, as highlighted by this Court in *Granier* and the *Savoie* court, takes the claims out of strict liability and renders them claims based on negligence.

*Id.* at *7 (citing *Granier v. Northrop Grumman Ship Sys., Inc.*, No. 06-3738, 2008 WL 5216213, at *3 (E.D. La. Dec. 12, 2008) (Fallon, J.); *Savoie v. Northrop Grumman Ship Sys., Inc.*, No. 05-2086 (E.D. La. July 13, 2005)).

Like in *Wilde*, the Court construes Plaintiffs' claims for strict liability as claims essentially based in negligence. Despite evidence that the federal officers mandated Avondale's use of the asbestos-containing materials, Defendants have failed

to present any evidence that the federal government "mandated *how* Avondale handle these materials." *See Wilde*, 2015 WL 2452350, at *7. Because Defendants have failed to show how the U.S. Navy's or the U.S. Coast Guard's direction and regulations during the construction of the vessels affected Avondale's ability to either warn its employees of their exposure to asbestos or handle the asbestos-containing materials, Defendants have failed to satisfy the causal nexus requirement. As such, consideration of Defendants' arguments regarding their "colorable federal defense" is rendered unnecessary, and removal of this matter pursuant to the Federal Officer Removal Statute is not warranted.

### B. LHWCA

In their motion, Plaintiffs also argue that removal is not proper pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). However, after considering Defendants' Notice of Removal as well as their Opposition to the present motion, the Court does not find that Defendants are asserting the LHWCA as an independent basis for removal. Instead, Defendants merely discuss the LHWCA for purposes of establishing that a "colorable federal defense" exists for purposes of the Federal Officer Removal Statute, the analysis of which, as discussed above, has been rendered unnecessary.

However, to the extent that Defendants are seeking to remove this matter pursuant to the LHWCA, such removal is not warranted. Plaintiffs do not seek LHWCA benefits in their complaint, and Defendants may only rely on the LHWCA as a federal defense. It is well-settled that a federal defense may not serve as an independent basis for federal question jurisdiction. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (citing *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 534, 543 (5th Cir. 2005)); *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841 (1983) (Finding that removal is not warranted "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Accordingly, the LHWCA does not serve as a basis for jurisdiction on which Defendants may rely to remove this matter.

C. **Sanctions**

In addition to arguing for remand of this matter, Plaintiffs also set forth a brief argument in their motion requesting that the Court impose sanctions on Defendants for "asserting the same arguments that have been rejected by the Eastern District on numerous occasions" and which Defendants are

18

aware are not "supported in fact or law." (Rec. Doc. 23-1, p. 4). Plaintiffs provide minimal support for this argument, and instead only note that sanctions have previously been imposed on the Defendants for their unfounded removals. However, the only case in this district to which Plaintiff cites is *Porche v. Flexitallic, Inc.*, Nos. 96-2827, 96-2828, 1996 WL 603919 (E.D. La. Oct. 13, 1996).

In *Porche*, the Court noted that sanctions are generally not favored by this Court, and recognized its reluctance to impose sanctions on the Defendants in the form of attorneys' fees and costs. *Id*. at *3. In fact, the only reason the *Porche* Court agreed to impose sanctions was because this was "the second time this action has been removed improvidently, and the removal is patently untimely." *Id*. Because this is Defendants' first removal of this matter, and because Plaintiffs have not shown the removal to be untimely, the Court finds the imposition of sanctions in this matter to be unwarranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* (**Rec. Doc. 23**) is **GRANTED**.

19

**IT IS FURTHER ORDERED** that this matter be remanded to the state court from which it was removed.

New Orleans, Louisiana this 8th day of June, 2015.


CARL J. BARBIER

UNITED STATES DISTRICT JUDGE