UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORITA SAVOIE, ET AL. | CIVIL ACTION<br>NO. 15-1220 |
| VERSUS | SECTION: J(3) |
| HUNTINGTON INGALLS, ET AL. | JUDGE BARBIER<br>MAG. JUDGE DOUGLAS |

## ORDER & REASONS

Before the Court is the Avondale Interests'[1] **Motion for Partial Summary Judgment on Wrongful Death Claims (Rec. Doc. 238)**, Plaintiffs' opposition (Rec. Doc. 323), and the Avondale Interests' reply (Rec. Doc. 479). Because Plaintiffs' wrongful death claims against the Avondale Interests are barred by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), the Court will grant the motion and dismiss with prejudice Plaintiffs' wrongful death claims. Furthermore, and in accordance with the Court's prior ruling that Travelers Indemnity Company is entitled to the same relief as its insureds (Rec. Doc. 467), the Court will also dismiss Plaintiffs' wrongful death claims against Travelers Indemnity Company.

---

[1] The "Avondale Interests" are Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.) ("Avondale"), Albert L. Bossier, Jr., J. Melton Garrett, and OneBeacon America Insurance Company and Pennsylvania General Insurance Company, in their capacities as alleged insurers of James Bull, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, John McCue, and Ewing Moore.

**BACKGROUND**

The Court assumes the reader's familiarity with this case and provides only a brief account of the relevant facts and procedural history. Joseph B. Savoie, Jr. worked at Avondale Shipyards from approximately 1948 through 1995. In July of 2014, Savoie was diagnosed with mesothelioma. Soon thereafter he filed this action against the Avondale Interests and other defendants, claiming his work at Avondale Shipyards exposed him to asbestos fibers that eventually caused him to develop mesothelioma. Savoie passed away on September 15, 2014, and his survivors were substituted as plaintiffs.

Plaintiffs' amended petition asserts both survival and wrongful death claims. The instant motion seeks dismissal of Plaintiffs' wrongful death claims against the Avondale Interests, but not the survival claim. (Rec. Doc. 238). In an earlier decision in this case, the Court granted the Avondale Interests' Motion for Partial Summary Judgment Seeking Dismissal of All Intentional Tort, Fraud, and Concealment Claims. (Rec. Doc. 390, granting Rec. Doc. 269). That decision bears significantly on the outcome here, as explained below.

**DISCUSSION**

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Under Louisiana law, wrongful death claims are controlled by the applicable law and jurisprudence in effect at the time of death. *Walls v. Am. Optical Corp.*, 98-

0455 (La. 9/8/99), 740 So. 2d 1262, 1270. At the time of Savoie's death in 2014, the LHWCA covered employees who satisfied that Act's situs and status elements, per the 1972 Amendments to the LHWCA. *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 415-16 (1985). The status element requires that the employee be "engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker . . . ." 33 U.S.C. § 902(3). Situs under the LHWCA is met when the "disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a).

The Avondale Interests argue that Savoie's work for Avondale constituted ship repair and shipbuilding under the LHWCA, which satisfies the status element. They further argue that the place where Savoie was allegedly exposed to asbestos, Avondale Shipyards, satisfies the LHWCA's situs element. Plaintiffs do not dispute that Savoie meets the LHWCA's situs and status elements.[2] Accordingly, the Court finds that for purposes of Plaintiffs' wrongful death claims, Savoie was covered by the LHWCA.

---

[2] As explained below, Plaintiffs argue instead that LHWCA coverage is irrelevant because the LHWCA does not bar their intentional tort claims. (*See* Pls. Opp'n at 10-13, Rec. Doc. 323).

Having established LHWCA coverage, the Avondale Interests further argue that §§ 905(a) and 933(i) of the LHWCA immunizes them against Plaintiffs' wrongful death tort claims.[3] Plaintiffs counter that they assert intentional torts, which the LHWCA does not preclude.

Some courts have recognized a narrow exception to LHWCA immunity for intentional torts. *See, e.g.*, *Houston v. Bechtel Assocs. Prof'l. Corp.*, 522 F. Supp. 1094, 1096 (D.D.C. 1981). In *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 44 & n.1 (5th Cir. 1989), the Fifth Circuit acknowledged that such an exception might exist, but declined to decide that issue because there was no evidence of wrongful conduct beyond negligence. This Court previously granted the Avondale Interests' partial motion for summary judgment and dismissed with prejudice Plaintiffs' intentional tort claims. (Rec. Doc. 390). Similar to *Johnson*, then, this Court need not decide whether intentional torts are outside the scope of the LHWCA's exclusivity provisions. Even if there is an exception to LHWCA immunity for intentional torts, that exception would not apply to Plaintiffs' wrongful death claims against the Avondale Interests.

For these reasons, Plaintiffs' wrongful death claims against the Avondale Interests are precluded by the LHWCA and will be dismissed with prejudice.

---

[3] *See* 33 U.S.C. § 905(a) ("The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . ."); 33 U.S.C. § 933(i) ("The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer.").

Furthermore, this Court has ruled that Travelers Indemnity Company is entitled to the same relief as its insureds—James Bull, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, John McCue and Ewing Moore. (Rec. Doc. 467). Accordingly, the Court will also dismiss Plaintiffs' wrongful death claims against Travelers Indemnity Company.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Avondale Interests' Motion for Partial Summary Judgment on Wrongful Death Claims (Rec. Doc. 238) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' wrongful death claims (but not the survival claim) against the Avondale Interests and Travelers Indemnity Company are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of March, 2019.

_____
United States District Judge