UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORITA SAVOIE, ET AL.                    CIVIL ACTION

VERSUS                                   NO. 15-1220

HUNTINGTON INGALLS, ET AL.               SECTION: "J"(3)

## ORDER & REASONS

Before the Court is a *Motion to Remand to State Court* **(Rec. Doc. 714)** filed by Plaintiffs, Tania Savoie Alexander, Greta Savoie Boudoin, Marcia Savoie Medlin, Craig M. Savoie, Dale J. Savoie, and Rodney A. Savoie ("Plaintiffs"). Defendants, Century Indemnity Company, Employers Insurance Company of Wausau, Liberty Mutual Insurance Company, and Pacific Employers Insurance Company ("Defendants"), oppose the motion (Rec. Doc. 716). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from an asbestos exposure at the Avondale Shipyards. Plaintiffs are the wife and children of Joseph B. Savoie, Jr., who died from mesothelioma.

This lawsuit was originally in the Orleans Parish Civil District Court on August 21, 2014. (Rec. Doc. 1-1). On April 16, 2015, the Avondale Interests[1] removed

---

[1] Avondale Interests include Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, OneBeacon America Insurance Company, and Pennsylvania General Insurance Company.

1

the lawsuit to federal court based on the Federal Officer Removal Statute, 28 U.S.C. § 1442. (Rec. Doc. 1) Plaintiffs then filed a motion to remand, which this Court initially granted but the Fifth Circuit reversed. *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 466 (5th Cir. 2016). On remand from the Fifth Circuit, this Court held that the Avondale Interests presented a colorable defense of federal contractor immunity and removal was proper. *Savoie v. Penn. Gen. Ins. Co.*, No. 15-1220, 2017 WL 2391264, at *7 (E.D. La. June 2, 2017).

On November 18, 2021, after advisement that a settlement with certain parties had been reached, the Court dismissed the Avondale Interests, Eagle, Inc., and Foster Wheeler LLC from the case. (Rec. Doc. 682). That same day, Plaintiffs filed a *Third Supplemental and Amending Complaint* naming numerous insurers of Reilly-Benton Company, Inc. and The McCarty Corporation, who filed for bankruptcy amid the suit, as Defendants. (Rec. Doc. 683).

With the Avondale Interests dismissed from the suit, Plaintiffs now move to remand this case state court once more.

**LEGAL STANDARD**

Generally, a federal court should dismiss pendent state claims when all federal claims are dismissed before trial, although that rule "is neither absolute nor automatic." *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307 (5th Cir. 1991). Federal courts retain broad discretion to exercise supplemental jurisdiction over any remaining state law claims. *Id.*; *see also Carnegie-Mellon Univ. v. Cohill*,

484 U.S. 343, 351 (1988). Federal courts may decline to hear the remaining claims pursuant to 28 U.S.C. § 1367 if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c). Courts must also weigh the values of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ.*, 484 U.S. at 350.

## **DISCUSSION**

Plaintiffs argue this case should be remanded, because (1) complete diversity is lacking and (2) the Avondale Interests, the parties with the basis for removal, are no longer parties to this litigation.

First, the addition of a Louisiana party does not defeat diversity jurisdiction, as there was diversity of citizenship at the time of filing. "[D]iversity of citizenship is assessed at the time that the action is filed . . . Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action. A contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Second, although courts generally decline supplemental jurisdiction when federal claims have been dismissed, the balance of factors in the present case favor maintenance of this action in federal court. The present matter is similar to *Vedros*

3

*v. Northrop Grumman Shipbuilding, Inc.*, in which the plaintiff died of mesothelioma after asbestos exposure at the Avondale Shipyards. 2014 U.S. Dist. LEXIS 57268, at *7 (E.D. La. Apr. 24, 2014). In *Vedros*, the plaintiff filed suit against multiple defendants in state court, and three defendants, General Electric, Foster-Wheeler, and Westinghouse, subsequently removed the case pursuant to the federal officer removal statute. *Id.* at 7-8. Parties completed extensive discovery, over 300 documents were filed in federal court, and after becoming "intimately familiar with the facts of the case," the Court determined the case was ripe for trial. *Id.* at 9. After the Court dismissed the claims against General Electric, Foster-Wheeler, and Westinghouse, which were the parties that removed pursuant to federal officer removal, Plaintiffs then moved to remand. *Id.* at 9-10. The court declined to remand the case to state court reasoning that:

> this case is similar to several other cases where district courts in this circuit have properly exercised supplemental jurisdiction where the matters have been pending in federal court for several years, extensive discovery has occurred and numerous documents have been filed, discovery is closed, the case is ripe for trial, there are no novel or overly complex issues of state law, and the district court has already expended significant judicial resources and decided multiple dispositive motions.

*Id.* at 13 (citing *Newport Ltd. V. Sears, Roebuck and Co.*, 941 F.2d 302, 307-08 (5th Cir. 1991); *Batiste v. Island Records, Inc.*, 179 F3d 217, 227-28 (5th Cir. 1999); *Brookshire Bros. Holding Inc. v. Dayco Prods, Inc.*, 554 F.3d 595, 602-04 (5th Cir. 2009); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455-56 (5th Cir. 1996); *Port of S. La. v. Tri-Parish Indus., Inc.*, 927 F.Supp. 2d 332, 338-39 (E.D. La. 2013); *Chauvin v.*

*Radioshack Corp.*, No. 08-4255, 2009 U.S. Dist. LEXIS 30564, at *2-3 (E.D. La. Apr. 9, 2009)).

Based on the reasoning in *Vedros*, this Court declines to remand this case to state court. This case has been pending in this Court for several years. There are over 700 docket entries to date, extensive discovery has been completed, and parties nearly went to trial November 29, 2021, but for the dismissal of the Avondale Interests one week prior to trial. This asbestos case presents no novel or overly complex issues of state law, and this court has already expended significant judicial resources and is intimately familiar with the facts of this case.

For these reasons, the Court declines to remand the case to state court.

## **RECOMMENDATION**

Accordingly,

**IT IS HEREBY ORDERED** that *Motion to Remand to State Court* **(Rec. Doc. 714)** is **DENIED.**

New Orleans, Louisiana, this 17th day of March, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5