UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORITA M. SAVOIE ET AL. | CIVIL ACTION |
| VERSUS | NO: 15-1220 |
| PENNSYLVANIA GENERAL INSURANCE COMPANY ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 775)** filed by Defendant Uniroyal Inc. Plaintiffs opposed the motion (Rec. Doc. 779). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Uniroyal's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from claims initially filed by Joseph B. Savoie, Jr. that occupational asbestos exposure caused his mesothelioma diagnosis. Savoie worked at Avondale Shipyard from 1948 until 1995 as a laborer, painter, sandblaster, and foreman. Before his death, Savoie filed suit against multiple defendants, including Uniroyal Inc., in the Civil District Court for the Parish of Orleans, State of Louisiana. Defendants removed the case to this Court in April 2015 pursuant to 28 U.S.C. § 1442, the Federal Officer Removal Statute. After Savoie's death, his children joined the suit as plaintiffs. In the intervening years, Plaintiffs have resolved their claims with all Defendants except for Uniroyal. Plaintiffs contend that Savoie was exposed to asbestos in, among other places, the engine rooms of ships while insulators used

1

an asbestos-containing cloth manufactured by Uniroyal to insulate pipes. Plaintiffs allege that the exposure to these asbestos-containing products, among others, caused his mesothelioma and ultimately his death.

Uniroyal filed the instant motion for summary judgment arguing that Plaintiffs cannot meet their evidentiary burden to establish that Savoie was exposed to a product manufactured, sold, or supplied by Uniroyal which was a substantial factor in causing Savoie's mesothelioma.

## <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Little*, 37 F.3d at 1075 (citations omitted). To grant a motion for summary judgment, a court ultimately must be satisfied that "a reasonable jury could not

return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075. If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (citations omitted). The nonmoving party can then defeat the motion either by demonstrating that a genuine issue of material fact exists, or "by showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, as is the case here, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325).

In an asbestos exposure case under Louisiana law, the claimant must demonstrate that (1) "he had significant exposure to the product complained of," and that (2) this exposure "was a substantial factor in bringing about his injury." *Rando*

*v. Anco Insulations, Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1091 (quoting *Asbestos v. Bordelon, Inc.*, 96-0525 (La. App. 4 Cir. 10/21/98), 726 So. 2d 926, 948). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 2003-1079 (La. App. 4 Cir. 3/3/04), 869 So. 2d 930, 932. When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Id.* (citation omitted).

To defeat a motion for summary judgment concerning the plaintiff's exposure to asbestos, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (citing *Held v. Avondale Indus., Inc.*, 95-1788 (La. App. 4 Cir. 4/3/96), 672 So. 2d 1106, 1109). Put another way, plaintiff must present specific evidence that establishes both that he was potentially exposed to asbestos-containing materials and that the defendant was responsible for these materials. *Steib v. Lamorak Ins. Co.*, 2020-0424 (La. App. 4 Cir. 2/3/21), 365 So. 3d 745, 754 (citations omitted).

## DISCUSSION

Uniroyal seeks summary judgment because it claims that Plaintiffs cannot prove that Mr. Savoie was exposed to any asbestos-containing products for which Uniroyal was responsible. Further, Uniroyal explains that if Plaintiffs cannot prove that Mr. Savoie was exposed to their products, neither can they prove that dust from Uniroyal's asbestos-containing products caused Mr. Savoie to develop mesothelioma. In other words, Uniroyal maintains that Plaintiffs cannot demonstrate that Mr.

4

Savoie had a significant exposure to any of their asbestos-containing products such that it was a substantial factor in bringing about Mr. Savoie's mesothelioma and ultimately his death.

Uniroyal does not dispute that from the 1940s until June of 1976, it and its predecessor, U.S. Rubber Company, manufactured asbestos-containing cloth that was distributed under the brand name of Asbeston. Further, Uniroyal does not deny that it sold Asbeston to Avondale during the time period when Mr. Savoie worked there. Instead, Uniroyal contends simply that Plaintiffs cannot establish that Mr. Savoie was exposed to Asbeston specifically, as opposed to another manufacturer's asbestos-containing cloth, and that hence, Uniroyal is entitled to summary judgment.

First, Uniroyal argues that the witnesses who testified about Mr. Savoie's exposure to asbestos-containing cloth failed to identify Uniroyal products by name. Because of this, Uniroyal maintains that Plaintiffs cannot place Mr. Savoie in proximity to Asbeston. Even if Plaintiffs' witnesses did not identify the asbestos-containing cloth by name and manufacturer, this omission, on its own, would not entitle Uniroyal to summary judgment.

In asbestos exposure litigation, evidence proving exposure may be direct or circumstantial. *Williams v. Taylor Seidenbach, Inc.*, 849 F. App'x 440, 444 (5th Cir. 2021). Further, the plaintiff need not identify the asbestos-containing product by name, but rather, can simply show they were likely in proximity to the product. *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 172 (5th Cir. 1991) ("[T]estimony by insulators . . . that they use defendants' product 'more frequently than any other' and

that defendants' product was used 'throughout the plant' sufficiently supported a finding of exposure to defendants' product."); *see also Whatley v. Armstrong World Industries*, 861 F.2d 837 (5th Cir. 1988). Evidence is sufficient "'if defendants' products are likely to be present at a specific location within the workplace,' because 'plaintiffs are likely to have been exposed to the products if they worked near those specific locations, even without explicit testimony that the plaintiff worked near the product.'" *Williams*, 849 F. App'x at 444 (quoting *Slaughter*, 949 F.2d at 172). Accordingly, Plaintiffs do not have to produce witnesses who identify Uniroyal or Asbeston by name.

Uniroyal and another defendant made the same argument in another recent case in the Eastern District of Louisiana, *Steib v. Huntington Ingalls, Inc.* Based on Louisiana Supreme Court and Fifth Circuit precedent, it is well established that plaintiffs in an asbestos case may rely on direct or circumstantial evidence to prove exposure. *Steib v. Huntington Ingalls, Inc.*, No. 24-2486, 2026 WL 1179519, at *5 (E.D. La. Apr. 30, 2026) (citing *Williams v. Huntington Ingalls Indus.*, No. 19-1218, 2022 WL 425050, at *2 (E.D. La. Feb. 11, 2022)). In *Steib*, Judge Guidry explained that "the record would permit a reasonable factfinder to infer that Mr. Steib was exposed to asbestos from Uniroyal products because Uniroyal cloth was extensively used throughout the engine rooms of the . . . vessels aboard which Mr. Steib worked, and multiple witnesses testified that cutting Uniroyal cloth released significant levels of airborne asbestos fibers." *Id.* The plaintiff's inability to identify Uniroyal by name was not dispositive at the summary judgment stage. *Id.*

The same holds true in the instant case, but here, Plaintiffs actually provide specific evidence that links Mr. Savoie to Uniroyal products.[1] Here, Plaintiffs' witnesses identified specific manufacturers of asbestos-containing products in their depositions. For example, Charles Savoie, Mr. Savoie's brother and co-worker at Avondale, identified Reilly-Benton as one of the distributors of insulation products to which he and Mr. Savoie were exposed. Based on this testimony, Uniroyal is technically correct that Charles Savoie does not identify Uniroyal or Asbeston by name. However, Plaintiffs have also established that Uniroyal sold Asbeston to Reilly-Benton, who then supplied this cloth to Avondale. Jerry Savoie, another of Plaintiffs' deposed witnesses, also identified Reilly-Benton's products by name. In this way, Plaintiffs have designated specific pieces of evidence that create triable issues of fact.

Uniroyal further argues that "[e]ven more troubling" for Plaintiffs' case is the fact that Burnett "Frenchie" Bordelon, who was Avondale's Superintendent of Insulation, testified that H.K. Porter supplied most of Avondale's asbestos cloth. Here again, Plaintiffs point to specific evidence, namely the deposition testimony of Warren Watters, president of Reilly-Benton since 1960, that demonstrates a genuine issue for trial. Specifically, Mr. Watters attested that the asbestos cloth that H.K. Porter supplied to Avondale was Uniroyal's Asbeston.

---

[1] Mr. Savoie passed away before he sat for a deposition, so Plaintiffs rely on the depositions of three witnesses who worked with Mr. Savoie at Avondale.

In sum, Plaintiffs designate specific portions of the record that demonstrate genuine issues of material fact: (1) Deposed witnesses testified that Mr. Savoie was exposed to asbestos cloth distributed by Reilly Benton, among others; (2) the cloth that Reilly Benton distributed to Avondale was Uniroyal's Asbeston; and (3) Avondale's preferred asbestos cloth distributor, H.K. Porter, was supplied by Uniroyal as well. All of these are triable issues of material fact that preclude summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Uniroyal Inc.'s *Motion for Summary Judgment* **(Rec. Doc. 775)** is **DENIED**.

New Orleans, Louisiana, this 8th day of July, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE